IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

**PATRICK REENERS,** )

**Plaintiff,** )

v.)

JURY DEMAND

*DONALD BANDY*

**CALEB HAMMOCK, GLEN RAGER,**

**PETE RICHES, THE CITY OF GALLATIN,**

**THOMAS DEAN, ED MAYBERRY, JULIE BLACKENBURY)**

**ANNE KEMP, JIMMY OVERTON, CRAIG HAYES,**

**JOHN ALEXANDER, STEVE CAMP, PIAGE BROWN, DAVID GERGORY**

**RAY WHITLEY, JOHN DOE, JANE DOE**

### COMPLAINT

Comes now Plaintiff, PRO SE, and submits this Fourth Amended Complaint. Plaintiff would show:

1. Plaintiff Patrick Reeners brings this civil rights action for damages against Defendants I

Donald Bandy, Pete Richies, ~~~~~~~, City of Gallatin, Tennessee, E..~
, Glen Rager. Caleb Hammock, ~~~~~~~~~~, Thomas Dean
Ed Mayberry, Julie Blackenbury, Craig Hayes, John Alexander
Steve Camp, Paige Brown, David Gregory, Ray Whitley, John Doe
Jane Doe, Jimmy Overton, Anne Kemp

## PARTIES

2. Plaintiff Patrick Reeners ("Mr. Reeners") is an adult resident of Gallatin, Tennessee.

3. Defendant Donald Bandy ("Chief Bandy") is a resident of Gallatin, Tennessee and is the Chief of Police for the Gallatin Police Department.

4. Defendant City of Gallatin, Tennessee is the municipal government for Gallatin, Tennessee.

[text partially illegible]

...Lieutenant W... ...epart...

...the Gallat... ...partment

...Gallatin Police Department.

8. Def... ...ee and is an

9. Defendant Pete Richies is a resident of Tennessee, and is an officer with the Gallatin Police Department.

10. Defendant Glen Rager is a resident of Gallatin, Tennessee and is an officer with the Gallatin Police Department.

11. Defendant Thomas Dean is a resident of, Tennessee and is a (state actor) District Attorney For Sumner county Tennessee.

12. Defendant Ray Whitley is a resident of, Tennessee and is a District Attorney

for Sumner county Tennessee.

13. Defendant Jimmy Overton is a resident of, Tennessee and is a member of the city council in Gallatin

Tennessee.

14. Defendant Julie Blackenbury is a resident of, Tennessee and is a member of the city council in Gallatin

Tennessee.

15. Defendant Ed Mayberry is a resident of, Tennessee and is a member of the city council in Gallatin

Tennessee.

16. Defendant Anne Kemp is a resident of, Tennessee and is a member of the city council in Gallatin

Tennessee.

17. Defendant John Alexander is a resident of, Tennessee and is a member of the city council in Gallatin Tennessee.

18 Defendant Craig Hayes is a resident of, Tennessee and is a member of the city council in Gallatin Tennessee.

19. Defendant Steve Camp is a resident of, Tennessee and is a member of the city council in Gallatin Tennessee.

20. Defendant David Gregory is a resident of, Tennessee and is the super intendant of the Gallatin water department of Gallatin Tennessee.

21. Defendant Paige Brown is a resident of Gallatin, Tennessee, and is the mayor of Gallatin Tennessee.

22. Defendant John Doe is a resident of Tennessee, and is an employee of the city Gallatin Tennessee.

23. Defendant Jane Doe is a resident of Tennessee, and is an employee of the city Gallatin Tennessee.

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the Tennessee state law claims pursuant to 28 U.S.C. § 1367. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because all claims related to this case occurred in this district.

## FACTUAL BACKGROUND

25. Mr. Reeners is a civil activist who spends a significant proportion of his life advocating for social welfare causes. Reeners spoke at the City hall council meeting this night July 21st 2015.

26. Mr. Reeners has tried civilly to expose the toxic air pollution waste bi product of the fertilizer, and other industries that is added to the drinking water, and advertised that it is used to treat the plaintiffs teeth. The federal law defining a drug The FD&C Act defines drugs, in part, by their intended use, as "articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease" and "articles (other than food) intended to affect the structure or any function of the body of man or other animals" [FD&C Act, sec. 201(g)(1)].

27. The toxic waste the City of Gallatin adds to the drinking water all awhile the toxic waste is delivered with a serious warning to protect plants and animal to not put in the sewer water or ground water toxic to flora and fauna (Plants and Animals).

28. Defendants in this case are involved with direct disregard to their sworn oath towards the plaintiff towards humanity and even their own family members.

29. The defendant has peacefully spoke openly at city hall meeting to express his love, and

serious concern regarding the vandalism of the water , and inaction(simple math comparing the amount warned not to swallow in tooth paste by recommended dose versus the amount in 8 cups of city water which is recommended by the state health department to maintain being hydrated which is need for humans plants and animal to survive of the defendants, and the harm that their negligence is having on the plaintiff the community and especially the infant children who are overdosed from forced medication with this toxic waste added to the plaintiffs drinking water. New Hampshire has a law to force water departments to put on the water bill not to mix infant formula with the water they add the toxic waste to.

The plaintiff has vowed on his life when he found out the great activist Fern Holland was murdered in Iraq fighting for women's rights the plaintiff continues to legally fight for the grater humanity, and only fight seriously huge issues. The plaintiff worked on issues including the coal ash spill, the pythons in Florida, overtime issues with in big companies, the bark beetle devastation of the trees, had several discussions on ideas to stop the oil spill and the plaintiff even spoke with people from the war room in the pentagon regarding this. The plaintiff vowed on the night of December 24 2009 after hearing that Tennessee had the highest infant death rate in the USA to find the cause and stop it.

30. The plaintiff is forced to peruse this issue in federal court after hundreds if not thousands of emails and 10's of thousands of phone calls to most of the health departments child abuse hot lines all peaceful only to be kidnapped on the 21st of July hours after leaving yet another plea to the city council about the concern Mr. Reeners has direct evidence on that which he prepares to show in court through discovery, and testimony as well as the direct evidence from the defendants which with this law suit will have to deal with it. Deal with telling their own family's to spit out poison tooth paste and now knowing two, eight ounce cups of city water here has more at .7 ppm(advertised amount) one recommended dose of tooth paste by the FDA a pea size amount weighs approximately one tenth of a gram of tooth paste in a one hundred and forty gram tube of fluoride tooth paste at .24 percent fluoride concentrate contains .25 milligrams where as 2 cups of city water at .7 ppm has .35 milligrams and the defendants know

the plaintiff fluoride(sodium fluorosilicate)

31. No doctor nor dentist can prescribe pharmaceutical fluoride (the city lies, and advertises fluoride when in fact they add sodium fluorosilicate (severely more toxic form of fluoride that has all the extra toxins like arsenic lead etc. in the amounts the Defendants know is harmful to humans and animals.

32. On July 21st, 2015, off duty Gallatin Police officer Caleb Hammock called the police, and reported an incident after following, and stalking the plaintiff back to his neighbor's house after watching the plaintiff simply walking down the street while he was arriving home.

33. Caleb Hammock testified to calling the police department about something written in the road. He testified under oath that I closed the gap on him after he admitted under oath that he stalked me back to my neighbor's house.

34. The plaintiff was approached by the defendant while at the neighbors door talking to her about the writing in the street where as the plaintiff explicitly told the defendant that he was on private property, and to leave all while the plaintiff was standing behind a 3 foot banister railing making it impossible for the plaintiff to close the gap on him. The defendant committed perjury

35. Hammock made a false report about the incident claiming I closed the gap on him while I was standing behind an about the 3 foot banister on my

neighbors foyer..

36. Off duty officer Caleb Hammock confronted the plaintiff while he was talking to his neighbor and positioned behind a 3 foot railing ,and accusing him of writing an explicit in the street where as was basically told to get off the property and leave him alone he wasn't wanted.

37. Reeners left and moved directly to his property away from the aggressive off duty officer Caleb Hammock next door whereas the defendant proceeded to stalk, and follow Reeners where as Reeners explicitly told the defendant to not come(trespass) on his property, as he explicitly expressed to Caleb when he confronted the plaintiff on his neighbor's property as well.

38. This whole episode took possible about 2 to 3 minutes with no physical contact, or threats occurred by either the plaintiff, or the defendant .

39. A little while later the plaintiff was walking on his neighbor's property with a bag containing 2

unopened beers, and was approached by the defendant officer Glen Rager.

40. The plaintiff openly stated he didn't want to speak with the defendant Rager explicitly, and that he was on private property.

41. Reeners was still confronted by the defendant Rager and was told he smelled like alcohol, and was then placed in custody for public intoxication handcuffed, and illegally taken to Sumner County Jail for incarceration and loss of his liberty, and legal unopened purchased legal property was dump out. The plaintiff has direct evidence that smelling like alcohol is not illegal as well the plaintiff has direct evidence that officer Rager working as a police officer doesn't know the laws where as he pulled a man over for a license plate issue that didn't violate any law and Judge David Gay exposed when question Rager on the stand about not knowing the law that he holds people accountable for yet is ridiculed by this judge for not knowing the law after his 6 years' experience this corruption has to stop

42. Reeners was also charged by Rager for disorderly conduct for the alleged facts of a violation of law Rager wrote on the warrant regarding hearsay, and lies from the defendant no affidavit was provided as to the disorderly conduct that Caleb Hammock made a false report.

43. The defendant Hammock testified to have a cell phone that records yet claims he didn't record encounter after he admitted to confronting the plaintiff about the legal chalk that washes away as well the words he took an oath to protect the constitution and violated that day.

44. The defendant Rager charged the plaintiff with disorderly conduct as well with no affidavit, and sworn statement from the alleged victim Hammock whereas the plaintiff was raped of his freedom put in a cage and a ransom was put on his freedom.

45. Rager testified that the plaintiff told him that he didn't want to talk to him yet was still approached, and unlawfully detained then falsely arrested falsely imprisoned.

46. The city defendants council members the mayor, and super intendant were informed several time as to their medicating forcibly to the plaintiff being illegal being that it is vandalism, assault, adulteration of the food, and water(federal law violation).

47. The city defendants know they receive a warning not to put this toxic waste into sewer water and ground water.

48. The city defendants for a fact I was threatened in December 2012 after going to a dentist to request a

prescription of fluoride equal to the amount that is in 50 gallon bath tub which in 2012 the level was 1 ppm where that is 200 milligrams of fluoride now that's 800 quarter milligram pills. The plaintiff was met at the Gallatin Police Department where he confronted the police about this crime against him and the citizens in Gallatin on or about that 3rd day of December 2012, and threaten with loss of freedom if he were to ask another dentist for fluoride prescription to put in the water and mimic the same dose the city is giving people. These dentists are the people that recommend cities to add this because they know that fluoride ruins people teeth and they make billions on cosmetic dentistry like dental veneers. They cant over dose the citizens with the same dosage that is obtained from this toxic waste when added to the water that the plaintiff drinks cooks with baths etc.

49. The city defendants are illegally force medicating the plaintiff with toxic waste knowing the plaintiff needs water to survive and can't afford to move, or get alterativ3 water as well advertises it as a drug as well yet I never seen a doctor and told I need this toxic waste to help my teeth.

50. The city defendant retaliated against the plaintiff for coming to city hall meeting to inform them about this travesty on life of humanity including infants, and pets.

51. The plaintiff even after being threaten to loose his freedom knew his actions were legal, and persisted not scared off from the threats I'm fighting for the people legally I never bowed down to their threats.

52. The defendants Thomas Dean, Ray Whitley from the district attorney office engaged in malicious prosecution of the plaintiff several ways Thomas Dean, and Ray Whitley produced one sided false information regarding the alleged crimes by the plaintiff.

53. These defendants knew when they presented the information to the grand jury about the public intoxication and disorderly conduct that the officers statements under oath cleared me of the charges.

54. The defendants had knew the officers testified that I wasn't a harm to my self, or property and had no proof of being unreasonably annoying any one.

55. The defendant knew I had a federal lawsuit on the police department and the city for kidnapping me one year prior in which the federal law suit was filed in June 2015 and this incident happened in July 2015.

56. The defendant Thomas Dean admitted to their being no 911 calls in a hearing in January 2016 in

front of Judge David Gay on the case where I filed an internal affairs complaint against Rickey Troup through the email to the police department yet the defendants from the district attorney's office still continued prosecuted me for telephone harassment. After one year through the criminal discovery process not one of the about 7 appointed attorneys has yet to show me one recorded phone call that was with no legitimate purpose.

57. In August 2015 the defendants continue to plea to the court to have my constitutional rights stripped away getting me banned from city hall and doing protected activities in confronting the corruption legally.

58. The defendants also provided a false motion to the court regarding a metal evaluation where as Thomas Dean accused me wrongfully of not signing paper work and other things that weren't order.

59. The plaintiff countered that issue with a motion to hold the state in contempt and the defendants then moved to strike the motion that had lies and deceit in it.

60. the defendant file for a contempt motion for reasons that weren't a violation the defendants also moved the court to put me on supervised state bond supervision after I was unjustly found guilty of contempt knowing I never got a chance to depose the witnesses and was deprived my constitutional rights.

61. These 2 defendant's knew they were prosecuting the plaintiff for being an activist not for harm to any citizen or police officer. Ray Whitley allowed legal protected activities to be presented to the grand jury despite his oath to protect citizens rights even if their just an activist.

62. Thomas Dean and his supervisor and the one who signed the indictments knew the plaintiff didn't make 911 phone calls and presented this information to the grand jury.

63. David Gregory is the main employee of the city that is having his stall add toxic waste to the water knowing engaging in the forced medication of the plaintiff.

## CLAIMS FOR RELIEF

### COUNT I: FALSE ARREST ON JULY 21ST 2015
### IN

### VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C § 1983)

(DEFENDANTS BANDY, HAMMOCK, RAGER, RICHIES AND CITY OF GALLATIN)

64 Plaintiff re-alleges and incorporates Paragraphs 25-63 above by reference.

65 The Gallatin Police Officers falsely arrested Mr. Reeners on July 21st 2015. Mr. Reeners had not committed any crime.

66. The officers were operating under color of state law when they arrested Mr. Reeners.

67. The false arrest deprived Mr. Reeners of his liberty.

68 The officers acted in reckless disregard of Mr. Reeners's rights.

69 On information and belief, Chief Bandy was aware of and officially sanctioned the arrest.

70. On information and belief, the City of Gallatin recklessly disregarded the risk that its officers would commit these types of violations by completely failing to train officers on the legal standard that governs when a person may be taken into custody for an public intoxication on private property, and disorderly conduct

71. Mr. Reeners suffered damages from the false arrest due to his loss of liberty, emotional distress.

### COUNT II: FALSE ARREST ON JUNE 12, 2014 IN
### VIOLATION OF TENNESSEE STATE COMMON LAW
### (TENNESSEE COMMON LAW)

(DEFENDANTS BANDY, RAGER, HAMMOCK, RICHES)

72. Plaintiff re-alleges and incorporates Paragraphs 25-63 above.

73. The Gallatin Police Officers falsely arrested Mr. Reeners on July 21st. Mr. Reeners had not committed any crime.

74. The false arrest deprived Mr. Reeners of his liberty.

75. The false arrest was in reckless disregard of Mr. Reeners's rights.

76. On information and belief, Chief Bandy was aware of and officially sanctioned the arrest.

77. Mr. Reeners suffered damages from the false arrest due to his loss of liberty.

### COUNT III: FALSE ARREST FROM JUNE 13, 2014 – JUNE 18, 2014 IN VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C § 1983)

#### (DEFENDANTS BANDY AND CITY OF GALLATIN)

78. Plaintiff re-alleges and incorporates Paragraphs 25-63 above by reference.

79. Chief Bandy was the final policymaker for the City of Gallatin with regard to matters of law enforcement.

80. On information and belief, Chief Bandy knew and approved of his officers' illegal arrest of the plaintiff

81. Mr. Reeners in Sumner County jail caused loss of his liberty.

82. The Defendants were operating under color of state law.

83. Chief Bandy acted in reckless disregard of Mr. Reeners' rights.

84. The damaged Mr. Reeners by depriving him of liberty, inflicting emotional distress, and causing him to lose income.

### COUNT IV: FALSE IMPRISONMENT FROM JULY 21ST – JULY 22ND 2015 IN VIOLATION OF TENNESSEE STATE LAW
### (TENNESSEE COMMON LAW)

#### (DEFENDANT RAGER, HAMMOCK)

85. Plaintiff re-alleges and incorporates Paragraphs 25-63 above by reference.

86. On information and belief, Caleb Hammock, Glen Rager knew and approved of his officers' detention and transport of Mr. Reeners to Sumner County Jail.

87. The illegal involuntary imprisonment deprived Mr. Reeners of his liberty.

## COUNT IV

## MALICIOUS PROSECUTION ONGOING

## (DEAN, WHITLEY)

## VIOLATION OF THE FOURTH AMENDMENT

## (42 U.S.C § 1983)

88. Plaintiff re-alleges and incorporates Paragraphs 25-63 above by reference.

89. Thomas Dean, and Ray Whitley continue to and have provided false information during the prosecution of crimes knowingly which has led to Mr. Reeners being incarcerated with loss of liberty.

## COUNT VI

: FORCED MEDICAL TREATMENT IN VIOLATION OF THE
FOURTEENTH AMENDMENT
(42 U.S.C. § 1983)
(DEFENDANTS BROWN, MAYBERRY, ALEXANDER, HAYES, BLACKENBURY,
OVERTON, CAMP, KEMP, GREGORY, THE CITY OF GALLATIN, JOHN DOE
JANE DOE)

90. Plaintiff re-alleges and incorporates Paragraphs 25-63 above by reference.

91 Mr. Reener's involuntary given toxic waste by the city advertised falsely requires him to ingest this poison through the water against his will.

92. The Defendants lacked a legal justification for forcibly drugging Mr. Reeners.

93. **BROWN, MAYBERRY, ALEXANDER, HAYES, BLACKENBURY, OVERTON, CAMP, KEMP, GREGORY, THE CITY OF GALLATIN, JOHN DOE JANE DOE** were acting under color of state law.

94. **BROWN, MAYBERRY, ALEXANDER, HAYES, BLACKENBURY, OVERTON, CAMP, KEMP, GREGORY, THE CITY OF GALLATIN, JOHN DOE JANE DOE** acted in reckless disregard of Mr. Reeners' rights. The forced drugging damaged Mr. Reeners through the violation of his rights, his body, and his mind.

## REQUEST FOR RELIEF

WHEREFORE, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That this cause be tried by a jury.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That Plaintiff be awarded nominal damages against the Defendants on all counts.

5. That Plaintiff be awarded compensatory damages against the Defendants in an amount to be determined by the jury.

6. That Plaintiff be awarded punitive damages against Defendants Bandy, Brown, Alexander, Hammock, Rager, Dean, Whitley, Camp, Kemp, Blackenbury, Bandy, Overton, Hayes, Gregory in amounts to be determined by the jury.

7. That Defendants be ordered to compensate Plaintiff's attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

8. That the court costs in this matter be taxed to Defendants.

9. That Plaintiff be awarded pre- and post-judgment interest against Defendants.

10. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,
Patrick Jayson Reeners,
317 Malone Dr Gallatin TN 37066

7-21-2016