UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK REENERS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-cv-01868 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| DONALD BANDY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Plaintiff Patrick Reeners, acting *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging federal civil rights claims and state tort claims against sixteen named defendants and two as-yet identified defendants. (Docket No. 1). Mr. Reeners is a resident of Gallatin, Tennessee.

**I.  Initial Review**

Because the plaintiff is proceeding as a pauper in this action, the court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because the relevant statutory language tracks the language in Rule 12(b)(6)").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

### III. Section 1983 Standard

The plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and Tennessee state law. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV. Alleged Facts

According to the complaint, three defendant police officers arrested the plaintiff on July 21, 2015, in part due to his vociferous civic activism in Gallatin, Tennessee, and his filing of a federal lawsuit against the city of Gallatin and the Gallatin police department. The complaint alleges that

2

the arrest was without probable cause. The complaint additionally alleges that these officers, as well as defendants Dean and Whitley, subsequently provided false information to a state court regarding the incident and regarding the plaintiff's mental health state.

The complaint further alleges that the plaintiff is being forced to drink the "toxic water" of the city of Gallatin, and that this equates to the forced medication of the plaintiff by defendants Brown, Mayberry, Alexander, Hayes, Blackenbury, Overton, Camp, Kemp, Gregory, The City of Gallatin, John Doe, and Jane Doe. (Docket No. 1).

**V.     Analysis**

    **A.     False arrest and false imprisonment claims**

False arrest claims can be brought pursuant to federal or state law. *Voticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio,* 412 F.3d 669, 677 (6th Cir. 2005). When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)).

Claims of false arrest and false imprisonment under federal law are typically analyzed in identical fashion. *See Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L.Ed.2d 973 (2016)("False arrest and false imprisonment overlap; the former is a species of the latter."); *Gumble v. Waterford Township*, 171 Fed. App'x 502, 507 (6th Cir. 2006)(false arrest and false imprisonment

3

claims are functionally the same and the court applies the same analysis to both claims). A facially valid warrant is not always sufficient to merit dismissal of a false arrest/false imprisonment claim brought pursuant to § 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant provided that the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997).

Here, it is unclear from the face of the complaint whether the plaintiff was arrested pursuant to a warrant. The complaint alleges that the plaintiff spoke with the arresting officers and explained his version of the events, and that the defendants thereafter knowingly arrested the plaintiff without probable cause as retaliation for the plaintiff's activism and filing of a federal lawsuit against local government authorities. Further, the complaint alleges these officers as well as defendants Dean and Whitley subsequently provided false information to the courts regarding the incident and regarding the plaintiff's mental health state. The complaint does not identify the status of the charge(s) pending or resolved against the plaintiff.

Because it is not apparent on the face of the complaint that these claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994), these claims require further development. The court therefore finds, for purposes of the initial review, that the plaintiff has stated non-frivolous claims under § 1983 and state law against defendants Bandy, Hammock, Rager, and Richies in their individual capacities and state law false imprisonment claims against defendants

4

Rager and Hammock.[1] The court cautions that these are preliminary findings only for purposes of the required screening under 28 U.S.C. § 1915(e)(2).

As for the plaintiff's federal false arrest claims against the City of Gallatin, while the City is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 179 L.Ed.2d 417 (2011)(internal citations and quotation marks omitted). A municipality may be liable under § 1983 "only if the challenged conduct occurs pursuant to a municipality's 'official policy,' such that the municipality's promulgation or adoption of the policy can be said to have 'cause[d]' one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)).

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60. Thus, to state a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

---

[1] In certain headings (*see e.g.*, Docket No. 1 at pp. 10 and 11), the complaint cites 2014 dates. However, in the narrative sections of the complaint, the allegations cite 2015 dates. It appears the headings contain inadvertent typographical errors with regard to the year; however, to the extent that the complaint alleges any false arrest or false imprisonment claims related to events allegedly occurring in 2014, those claims would be subject to dismissal as having been filed beyond the applicable statutes of limitations. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007)("[C]onstitutional claims asserted under 42 U.S.C. § 1983 are governed by the state personal injury statute of limitations."); *Tenn. Code Ann.* § 28-3-104(a)(3)(providing that a civil action brought under the federal civil rights statutes must be filed within one year after the cause of action accrues).

In this case, the plaintiff does not allege that any defendant acted pursuant to policy or custom adopted by the City of Gallatin. He does not allege the existence of an official policy or suggest that his alleged injuries resulted from any such policy. The complaint therefore fails to state a § 1983 claim against the City of Gallatin, and that claim will be dismissed. Further, any state law claims against the City of Gallatin for false arrest and malicious prosecution must be dismissed since Tennessee has expressly retained governmental immunity from those claims as a matter of state law. *Crowe v. Bradley Equip. Rental & Sales, Inc.*, 2010 WL 1241550, at *4 (Tenn. Ct. App. Mar. 31, 2010).

### B. Malicious prosecution claims

The complaint alleges federal malicious prosecution claims against defendant Sumner County Assistant District Attorney Thomas Dean and Sumner County District Attorney General Ray Whitley. "The Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of legal process.'" *Id.* (quoting *Wallace*, 549 U.S. at 390).

To succeed on a malicious prosecution claim, the plaintiff must show that (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty; and *(*4) the criminal proceeding has been resolved in

6

the plaintiff's favor. *Id.; see also Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that, to recover damages under § 1983 for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

The plaintiff cannot sue defendants Dean and Whitley for money damages arising from the institution of criminal proceedings against him. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). The plaintiff's claim for money damages against defendants Dean and Whitley for these activities is barred by absolute prosecutorial immunity. *Id.* at 427–28; *Burns v. Reed*, 500 U.S. 478, 490–492, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). Thus, the plaintiff's malicious prosecution claims will be dismissed.

### C. Forced medical treatment claims

The plaintiff strongly believes that the drinking water in Gallatin is dangerous to human consumption and usage due to "the toxic waste the City of Gallatin adds to the drinking water." (Docket No. 1 at p. 4). He believes that the water is harming his community "and especially the infant children who are overdosed from forced medication with this toxic waste added to the . . .

7

drinking water." (*Id*. at p. 5.) As a result, the plaintiff openly expresses his concerns and outrage about the city's water quality at various public venues, including city hall meetings; he considers himself a civic activist fighting for the safety and well-being of his community. (*Id.*) As set forth in his complaint, the plaintiff believes that city officials are retaliating against his vocal opposition to the quality of the city water by having the plaintiff falsely arrested and imprisoned. He also believes that, because he is unable to afford an alternative source of drinking water, the city defendants are forcing him to "medicate" with the city's poisoned water. (*See* Complaint, Docket No. 1 at p. 8 ). The complaint alleges that "the forced drugging damaged Mr. Reeners through the violation of his rights, his body, and his mind." (*Id.* at p. 13).

The complaint frames this claim as "forced medical treatment in violation of the Fourteenth Amendment" actionable pursuant to § 1983. (*Id*.) There is no articulation of whether the plaintiff is asserting an equal protection claim or a due process claim.

The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. "Equal protection challenges are 'typically . . . concerned with governmental classifications that affect some groups of citizens differently than others.'" *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2001)(quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601, 128 S. Ct. 2146, 170 L.Ed. 2d 975 (2008)). The complaint does not allege that the plaintiff here was discriminated against because of his membership in a protected class; thus, the complaint fails to allege an equal protection claim.

There are two types of due process guaranteed by the Fourteenth Amendment's due process clause: procedural due process and substantive due process. U.S. Const. amend. XIV; *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 125 (1992). "The Fourteenth Amendment's due process

clause includes a guarantee of procedural fairness, assuring that a deprivation of life, liberty, or property must 'be preceded by notice and opportunity for a hearing appropriate to the nature of the case.'" *Blazy v. Jefferson Cnty. Regional Planning Comm'n*, 438 F.3d Appx. 408, 411 (6th Cir. 2011)(quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 84 L.Ed.2d 494 (1985)). In the Sixth Circuit, "a § 1983 plaintiff may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a 'random and unauthorized act' and that available state remedies would not adequately compensate for the loss." *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir.1991) (citation omitted); *see also Mertik v. Blalock*, 983 F.2d 1353, 1364 (6th Cir.1993) ("Where the state action complained of consists of, e.g., unpredictable and tortious or otherwise random and unauthorized acts of state employees, the Constitution does not require the state to do the impossible and predict when the loss will occur.").

With respect to the plaintiff's concerns about the City of Gallatin's water quality, there are no allegations of the inadequacy of state or administrative processes and remedies to redress any of the alleged due process violations. Thus, any procedural due process claim, if asserted in this *pro se* complaint, would fail as a matter of law.

To the extent that the complaint alleges a violation of the plaintiff's substantive due process right to refuse medical treatment, while the complaint alleges that all residents of City of Gallatin, including the plaintiff, are forced to drink the City's water, there is no allegation that any defendant is physically forcing the plaintiff or anyone else to ingest or use the water the plaintiff believes is toxic. Although the plaintiff alleges that he cannot afford to obtain an alternative water source for

9

his personal use, the court cannot accept the plaintiff's characterization of the alleged facts as the forcible medication of a citizen by government officials. The court therefore finds that the complaint fails to state Fourteenth Amendment claims upon which relief can be granted against defendants Brown, Mayberry, Alexander, Hayes, Blackenbury, Overton, Camp, Kemp, Gregory, The City of Gallatin, John Doe, Jane Doe.[2]

**D.     Retaliation claims**

The court construes the *pro se* complaint as additionally asserting claims under § 1983 against "the city defendants" for First Amendment retaliation. (Docket No. 1 at p. 8 ¶ 50). To prove a retaliation claim, the plaintiff must establish that (1) he was engaged in protected conduct; (2) the defendants took an adverse action against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). That is, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *Id.* at 399 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977)).

The complaint alleges that the plaintiff is involved in a lawsuit against the City of Gallatin and other local officials, and that the city defendants retaliated against him for his activities related

---

[2]Although the complaint generally alleges that the defendants' forced medication of the plaintiff is a "federal law violation," the complaint only cites to 42 U.S.C. § 1983. The complaint does not raise claims under the Safe Drinking Water Act, 42 U.S.C. § 300j, or other federal or state statutes that govern the safety of the public water supply, and the court has not reviewed the complaint to determine the existence or viability of such claims under the facts alleged in the complaint. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

to that lawsuit and to the plaintiff's civic activism. The complaint alleges that the retaliation came in the form of "stalking the plaintiff" and arresting him without probable cause in an effort to quiet the plaintiff's activism and to discourage the plaintiff from prosecuting his other lawsuit. The court finds that, for purposes of the required initial review of the complaint, these First Amendment retaliation claims survive as non-frivolous. However, the plaintiff must identify which particular defendants comprise the "city defendants" allegedly responsible for retaliating against the plaintiff.

## VI.     Conclusion

As set forth above, the court finds that the complaint states colorable false arrest claims under § 1983 and state law against defendants Bandy, Hammock, Rager, and Richies in their individual capacities and state law false imprisonment claims against defendants Rager and Hammock. Further, the complaint states colorable First Amendment retaliation claims pursuant to 42 U.S.C. § 1983 against the as-yet identified "city defendants." These claims as to these defendants will proceed for further development.

As to the "city defendants," although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). The court concludes that it would be inappropriate to dismiss the claims against the "city defendants" at this juncture because of the likelihood that the identities of these defendants will be determined during discovery.

The remaining claims of the complaint fail to state claims upon which relief can be granted and will be dismissed.

The Court takes no position on the merits of Plaintiff's claims other than as noted above that certain claims shall proceed as non-frivolous.

An appropriate order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge